IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TOMMIE G. PATTERSON,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMIE VANNERVER, et al.,<br><br>    Defendants. | Case No. 3:06-cv-00077-TMB<br><br>O R D E R |

On April 10, 2006, Tommie G. Patterson, representing himself, filed a civil rights complaint under, inter alia, 42 U.S.C. § 1983, alleging that he was discriminated against because of his race by his employers.[1] Mr. Patterson has paid

---

[1] *See* Docket No. 1. Mr. Patterson is cautioned that, under 42 U.S.C. § 2000e-5(f)(1), an individual must file a lawsuit within 90 days of receiving a formal right-to-sue letter from the EEOC. Although "failure to file a timely EEOC administrative complaint is not a jurisdictional prerequisite to a Title VII claim, but is merely a statutory requirement subject to waiver, estoppel and equitable tolling ... substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional pre-requisite. ... [A]bandonment or failure to cooperate in the administrative process prevents exhaustion and precludes judicial review." *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) ("Sommatino's verbal complaints to the EEO counselor and her e-mails are insufficient to constitute substantial compliance with the

the filing fee in this case and summonses have been issued. Under the Federal Rules, "[i]f service of the summons and complaint is not made upon a defendant within 120 days of the filing of the complaint, the court ... after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time."[2] Mr. Patterson is, therefore, put on notice that he has until August 8, 2006, to serve the defendants.

**IT IS HEREBY ORDERED**:

1. Under the Federal Rules, Mr. Patterson must complete initial service of the complaint and summons **no later than August 8, 2006**, and promptly file a return of service with the Court, showing proof of service on the defendants. Otherwise, his complaint may be dismissed, as to any unserved defendants, without further notice.

2. Mr. Patterson must follow the Federal Rules of Civil Procedure[3] and the Local Rules for the District of Alaska in serving the defendants.

---

claim presentation requirements"); *but see B.K.B. V. Maui Police Dept.,* 276 F.3d 1091, 1099, 1100 (9th Cir. 2002) ("The EEOC's failure to address a claim asserted by the plaintiff in her charge has no bearing on whether the plaintiff has exhausted her administrative remedies with regard to that claim. ... We construe the language of EEOC charges 'with utmost liberality since they are made by those unschooled in the technicalities of formal pleading.'").

[2] FED. R. CIV. P. 4(m).

[3] *See, e.g.,* FED. R. CIV. P. 4(c). (service "by any person who is not a party and who is at least 18 years of age"); 4(d) (waiver of service by a defendant); and 4(h) (service on agent of corporation).

3. After service of the initial summons and complaint, all future papers to be filed with the Court must be identified with the name of the Court, Case No. 3:06-cv-00077-TMB, the names of the plaintiff and the first defendant, and the title of the document, as illustrated on the first page of this Order.

4. After service of the initial complaint and summons, Mr. Patterson shall serve a copy of all <u>future</u> pleadings or documents he sends to the Court upon the defendants or, if an appearance has been entered by counsel for defendants, on defendants' attorney(s). Mr. Patterson shall include, with any original paper to be filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed, faxed or hand-delivered to the defendants or their counsel. A certificate of service may be written in the following form at the end of his document:

> I hereby certify that a copy of the above <u>(name of document)</u> was served upon <u>(name of opposing party or counsel)</u> by <u>(mail/fax/hand-delivery)</u> at <u>(address)</u> on <u>(date)</u>.
>
> _____
> (Mr. Patterson's Signature)

Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court or which does not include a certificate of service will be disregarded by the Court.

5. Mr. Patterson shall provide the Court with the original, plus one complete and legible copy, of every paper he submits for filing, as required by this Court's Local Rule 10.1(b).

6. No party shall have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties) with a District Court Judge or Magistrate Judge of this Court about the merits of this action. Mr. Patterson should not write letters to the Court, but must file any requests for action by the Court during these proceedings in the form of a motion.

7. The Clerk of Court is directed to send a copy of the Court's motion form, PS12, to Mr. Patterson with this Order.

8. At all times, Mr. Patterson shall keep the Court informed of any change of address, by filing a notice titled "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information about the change of address, and its effective date. The notice shall not include any requests for any other relief. Failure to file the notice may result in the dismissal of the action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

9. The Clerk of Court is directed to send a copy of our *pro se* handbook, "Representing Yourself in Alaska's Federal Court," to Mr. Patterson with this Order.

DATED this 25th day of April, 2006, at Anchorage, Alaska.

/S/TIMOTHY   M.   BURGESS
United States District Judge