Randall G. Simpson
AK Bar No. 7710166
3000 A Street, Suite 300
Anchorage, Alaska  99503
Telephone (907) 563-8844

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TOMMIE G. PATTERSON,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMIE VANDERVER, ZACK SHOCK, MONICA LIEBIG/WILLIAMS, CHRIS TAYLOR AND REGAL ENTERTAINMENT,<br><br>    Defendants. | Case No. A06-0077 CV (TMB) |

**ANSWER AND AFFIRMATIVE DEFENSES OF REGAL CINEMAS, INC.**

COME NOW Defendants Jamie Vandiver, Zachery Sheets, Monika Liebig-Williams, Chris Taylor and  Regal Cinemas, Inc. (all Defendants referred to as "Regal" hereinafter) by and through their attorneys, Jermain, Dunnagan & Owens, P.C., for its answer to Plaintiff's Complaint and admits and denies as follows.  Unless otherwise indicated, each numbered paragraph in this answer is in response to like number of paragraph in the Complaint.

1.   **JURISDICTION**

Jurisdiction avers no affirmative facts but to the extent that the introductory paragraph at No. 1 avers affirmative fact, said affirmative facts are denied.

2.   **PARTIES**

Based on information and belief, Regal admits that Plaintiff Tommie Patterson (Patterson) resides in Anchorage, Alaska. As far as the first defendant, Regal does not know of any individual named Jamie Vanderver but based on information and belief Regal employs a manager of the Fireweed Theater named Jamie M. Vandiver who resides in Anchorage, Alaska. Regal does not know any individual named as second defendant Zack Shock but on information and belief, Regal employs a general manager named Zachery Sheets who resides in Anchorage. Regal admits it employs named defendant, Monika Liebig-Williams, a manager at Totem Theater who resides in Anchorage Alaska. Regal admits it employs Chris Taylor, a manager in the home office of Knoxville, Tennessee who resides in Tennessee. Defendant Regal is not Regal Entertainment but Regal Cinemas, Inc. and its principal location is 7132 Regal Lane, Commercial Park Drive, Knoxville, Tennessee.

3.   **NATURE OF THE CASE**

Regal denies that Plaintiff sought employment from or was employed by Regal, and avers that Plaintiff was an independent contractor. Regal further denies any termination of employment of Plaintiff on the basis of discrimination, sexual harassment, general harassment or racial hate discrimination. Regal also denies any allegation of tampering with Plaintiff's mail.

Regal lacks sufficient knowledge or information to form a belief as to the truth of the averment that Plaintiff filed charges with the "Equal Employment Opportunity Commission" (EEOC) regarding allegations of discriminatory conduct and on said basis denies same.

Regal lacks sufficient knowledge or information to form a belief as to truth of the averments of the EEOC providing a "Notice of Right to Sue" and on said basis denies same.

Regal denies any past or ongoing acts of discrimination, harassment, racial hate or mail tampering.

### 4.     CAUSE OF ACTION

Regal denies any factual basis for Plaintiff's claim of general harassment, racial hate/discrimination, sexual harassment by Regal or Jamie Vandiver.

More specifically, Regal denies any facts or basis for allegations of general or racial discrimination alleged to have been committed by Jamie Vandiver or Monika Liebig-Williams as alleged in Plaintiff's Complaint. Regal further denies any allegation of facts or basis for discrimination, tampering with mail, or non payment of invoices by Zach Sheets or Jamie Vandiver.

Regal further denies any allegations of fact to support any claim against Chris Taylor as alleged in Plaintiff's Complaint.

### 5.     INJURY

Regal denies the averments of any loss of income or emotional and/or physical abuse as alleged to have been suffered by Plaintiff.

**6. REQUEST FOR RELIEF**

No response is required to Plaintiff's prayer for relief but to the extent that a response is required, Regal denies all averments contained therein.

## AFFIRMATIVE DEFENSES

By alleging the matters set forth below under the heading of affirmative defense, Regal does not hereby admit that it has the burden of proof over any such matters. For its affirmative defenses, Regal asserts the following:

### FIRST AFFIRMATIVE DEFENSE

Patterson's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Patterson's alleged claims are barred in whole or in part by applicable statute of limitation and doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Patterson's alleged claims for wrongful termination are barred because Patterson did not meet his obligations under his contract with Regal.

### FOURTH AFFIRMATIVE DEFENSE

Patterson's claims are barred, in whole or in part, because he waived his rights with respect to any such claims.

### FIFTH AFFIRMATIVE DEFENSE

Patterson's alleged claims are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Patterson's claims are barred, in whole or in part, because he failed to mitigate any damage he has allegedly suffered.

### SEVENTH AFFIRMATIVE DEFENSE

Patterson's claims are barred, in whole or in part, because all of the alleged actions, if any, taken as to Patterson by Regal were privileged by Regal's right to exercise its business judgment based on legitimate business reasons and bound at all times in good faith.

### EIGHTH AFFIRMATIVE DEFENSE

Patterson's alleged claims are barred because all of the alleged actions, if any, taken as to Patterson by Regal were done with good and sufficient cause, regulated by good faith and were in accordance with applicable law.  None of the alleged actions, if any, were taken on the basis of Patterson's race or Patterson's sex.

### NINTH AFFIRMATIVE DEFENSE

Patterson's claims are barred, in whole or in part, because Patterson failed to exhaust his administrative remedies.

### TENTH AFFIRMATIVE DEFENSE

Patterson's claims are barred, in whole or in part, because Patterson failed to cooperate fully and in a timely manner with any investigator handling review of his discrimination claims.

## ELEVENTH AFFIRMATIVE DEFENSE

Patterson is not entitled any damages he prays for in his Complaint because the damages allegedly suffered by Patterson are not reasonably calculable or ascertainable.

Regal reserves the right to assert additional affirmative defenses as the investigation of this matter continues.

WHEREFORE, with respect to the Complaint, Regal respectfully prays that

1. Patterson take nothing by his claim in this action;

2. Regal be awarded judgment for its costs, expenses and attorney fees incurred in the litigation;

3. Such other relief as the Court may deem appropriate.

DATED this 1st day of May, 2006.

        JERMAIN, DUNNAGAN & OWENS, P.C.
        Attorneys for Defendants


By:   */s/Randall Simpson*
       Randall G. Simpson
       Alaska Bar No.7710166

**CERTIFICATE OF SERVICE**

This is to certify that on this 1st day of May, 2006, a true and correct copy of the foregoing was mailed first class to:

Tommie Patterson
401 E. 45th Avenue #1
Anchorage, Alaska 99503

*/s/Katie Kadarauch*
Katie Kadarauch

DEFENDANT REGAL CINEMA, INC.'S ANSWER TO COMPLAINT
*Patterson v. Shock, et al..*
Case No. A06-0077 CV    Page 6 of 6