Randall G. Simpson
JERMAIN, DUNNAGAN & OWENS, LLC
3000 A Street, Suite 300
Anchorage, AK 99503
907-563-8844
907-563-7322 (fax)
rsimpson@jdolaw.com

Attorneys for Defendants



RECEIVED
MAY 3 1 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TOMMIE G. PATTERSON,<br><br>Plaintiff,<br><br>vs.<br><br>JAMIE VANDERVER, ZACK SHOCK, MONICA LIEBIG/WILLIAMS, CHRIS TAYLOR AND REGAL ENTERTAINMENT,<br><br>Defendants. | Case No. A06-0077 CV (TMB)<br><br>SCHEDULING AND PLANNING CONFERENCE REPORT |

1.  **Meeting.** In accordance with F.R.Civ.P. 26(f), a meeting was held on May 25, 2006 and was attended by:

    Tommie G. Patterson        pro per, plaintiff
    Randall G. Simpson         attorney for defendant Regal Cinema
    Randall G. Simpson         attorney for defendant Zack Sheets
    Randall G. Simpson         attorney for defendant Jamie Vandiver
    Randall G. Simpson         attorney for defendant Monika Liebig/Williams
    Randall G. Simpson         attorney for defendant Chris Taylor

The parties recommend the following:

2.  **Pre-Discovery Disclosures.** The information required by F.R.Civ.P. 26(a)(1):

    _____ have been exchanged by the parties

    __ X __ will be exchanged by the parties by **July 18, 2006**.

Proposed changes to disclosure requirements: (*insert proposed changes, if any*)

Preliminary witness lists:

_____ have been exchanged by the parties

    __ X __ will be exchanged by the parties by **July 18, 2006**.

3.     **Contested Issues of Fact and Law.** Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

> <u>For the plaintiff, statement of issues of fact/law.</u> Plaintiff asserts that the following issues of fact and law will be presented to the court at trial:
>
> (a) *Sexual Harassment*
>
> (b) *Racism*
>
> (c) *Racial Hate*
>
> (d) *Mail Tampering*
>
> (e) *Aiding and abetting in a felony Mail fraud*
>
> <u>For the defendants, statement of issues of fact/law.</u> Defendants assert that the following issues of fact and law will be presented to the court at trial:
>
> (a)     Whether or not plaintiff was an employee or independent contractor of defendants.
>
> (b)     Whether or not plaintiff exhausted all administrative remedies required by law.
>
> (c)     Whether or not plaintiff met all of his obligations and requirements under his contract with defendants.
>
> (d)     Whether or not plaintiff's claims are barred because of the doctrine of unclean hands or waiver by plaintiff.

SCHEDULING AND PLANNING CONFERENCE REPORT
*Patterson v. Jamie Vanderver, et al.*
Case No. A06-0077 CV (TMB)    Page 2 of 6

STATEMENT OF ISSUES OF FACT, FOR PLAINTIFF

(A)   MS. VANDERVER SEXUALLY HARASSED ME BY QUESTIONING ME ABOUT MY BODY. WHILE PLAYING WITH HER HAIR IN A WHAT SHE THOUGHT WAS A SEDUCTIVE MANNER.CIVILRIGHTS ACT V11 1964.

(B)   RACISM/ STATEMENT FROM MS. VANDERVER THAT WHERE SHE CAME FROM THEY STILL HAD :: HOUSE BOYS::

C)   RACIAL HATE/ MS. LIEBIG WILLIAMS ALLOWED HER EMPLOYEES TO CALL ME A NIGGER AS WELL AS DESTROY MY EQUIPMENT.

( D)   MAIL TAMPERING MS. VANDERVER OPENED MY PERSONAL MAIL

(E)   ZACK SHOOK AIDED  MS. VANDERVER IN OPENING MY MAIL.

( A)   I AM LICENSED AND BONDED AND WAS A LEGAL EMPLOYEE OF REGAL ENTERTAINMENT.
(B)   LETTERS FROM BOTH AGENCYS PROVE THE FACTS.
( C)   I DIDN'T HAVE ANY COMPLAINTS UNTIL MS. VANDERVER TOOK OVER FIREWEED , WITH HER RACIST REMARKS.
(D)   REFERRING TO MR. SIMPSONS REMARK IN D  PLEASE EXPLAIN WHAT HE MEANS BY UNCLEAN HANDS TO A JURY.
(E)   I CONTACTED BOTH AGENCIES .
(F)   I WORKED FOR REGAL ENTERTAINMENT ZACK SHOOK WAS MY BOSS

(G)  AND JAMIE VANDERVER WAS MY SUPERVISER.

(H)  I DID WHAT WAS REQUIRED BY THE INVESTIGATORS.

(I)  I WAS TOLD BY MS. LIEBIG/WILLIAMS NOT TO TALK TO HER HELP OR SAY ANYTHING TO HER USHERS BUT TO BRING IT TO HER.

(J)  RACIAL HATE HAS NO MONEY AMOUNT.

(K)  ALL REQUIREMENTS HAVE BEEN MET.

(L)  MR. SIMPSON CAN CALL IT WHAT HE WANTS I CALL SEXUAL HARESSMENT / MAIL TAMPERING/RACIAL HATE/DISCRIMANATION AND AIDING AND ABETTING.

*Tammi Patter*
5/30/2006

*I highly dispute that Mr. Simpson doesn't want me to have a jury trial. Its my right.*

(e) Whether or not plaintiff's claims for damages are barred in whole or in part because he failed to mitigate any damages he allegedly suffered.

(f) Whether or not plaintiff's claims are barred in whole or in part because he was an at will employee.

(g) Whether or not plaintiff's claims are barred in whole or in part because the alleged actions asserted by plaintiff were privileged by defendants' right to exercise their best business judgment and/or based on legitimate business reasons and were done at all times in good faith.

(h) Whether or not plaintiff's claims are barred in whole or in part because plaintiff failed to cooperate fully in a timely manner with an investigator who handled plaintiff's grievance and submission to an administrative agency to handle equal employment opportunity claims.

(i) Whether or not plaintiff's claims are barred in whole or in part because the sole and proximate cause of injuries and damages allegedly suffered was due to the fault or negligence of persons or entities other than defendants.

(j) Whether or not plaintiff's claims for damages allegedly suffered are reasonably calculable or ascertainable.

(k) Whether or not plaintiff's claims under Title VII are barred because plaintiff failed to meet conditions precedent to filing a claim thereunder.

(l) Whether or not plaintiff's claims are actionable because the alleged misconduct or violations of defendants were not motivated by racial or sexual discriminatory motivation or intent but were motivated by legitimate business reasons.

4. **Discovery Plan.** The parties jointly propose to the court the following discovery plan.

A. Discovery will be needed on the following issues:

All claims and defenses raised in the complaint and answer.

B. All discovery commenced in time to be completed by **January 31, 2007,** ("discovery close date").

C. Limitations on Discovery.

1. Interrogatories

__X__ No change from F.R.Civ.P. 33(a)

SCHEDULING AND PLANNING CONFERENCE REPORT
*Patterson v. Jamie Vanderver, et al.*
Case No. A06-0077 CV (TMB)                                                     Page 3 of 6

_____ Maximum of ___ by each party to any other party.

Responses due in _____ days.

2.     Requests for Admissions.

__X__ No change from F.R.Civ.P. 36(a).

_____ Maximum of _____ requests.

Responses due in _____ days.

3.     Depositions.

__X__ No change from F.R.Civ.P. 36(a), (d).

_____ Maximum of _____ depositions by each party.

Depositions not to exceed _____ hours unless agreed to by all parties.

D.     Reports from retained experts.

__X__ Not later than 90 days before the close of discovery subject to F.R.Civ.P. 26(a)(2)(C).

_____ Reports due:

From plaintiff: same date above     From defendant: within 30 days of plaintiff's report

E.     Supplementation of disclosures and discovery responses are to be made:

_____ Periodically at 60-day intervals from the entry of scheduling and planning order.

__X__ As new information is acquired, but not later than 60 days before the close of discovery.

F.     A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

__X__ 45 days prior to the close of discovery

SCHEDULING AND PLANNING CONFERENCE REPORT
*Patterson v. Jamie Vanderver, et al.*
Case No. A06-0077 CV (TMB)                                                    Page 4 of 6

JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

_____ Not later than _____, 2006

5. **Pretrial Motions.**

   __X__ No change from D.Ak. LR 16.1(c).

   The following changes to D.Ak. LR 16.1(c). [Check and complete all that apply.]

   _____ Motions to amend pleadings or add parties to be filed not later than _____, 2006.

   _____ Motions under the discovery rules must be filed not later than _____, 2006.

   _____ Motions in limine and dispositive motions must be filed not later than _____, 2006.

6. **Other Provisions:**

   A.   __X__ The parties do not request a conference with the court before the entry of the scheduling order.

   _____ The parties request a scheduling conference with the court on the following issue(s):

   *(Insert issues on which a conference is requested)*

   B.   Alternative Dispute Resolution. [D.Ak. LR 16.2]

   __X__ This matter is not considered a candidate for court-annexed alternative dispute resolution.

   _____ The parties will file a request for alternative dispute resolution not later than _____, 2006.

   _____ Mediation    _____ Early Neutral Evaluation

   C.   The parties ____ do __X__ not consent to trial before a magistrate judge.

SCHEDULING AND PLANNING CONFERENCE REPORT
*Patterson v. Jamie Vanderver, et al.*
Case No. A06-0077 CV (TMB)                                                Page 5 of 6

    D.    Compliance with the Disclosure Requirements of F.R.Civ.P. 7.1.

        __X__ All parties have complied    ____ Compliance not required by any party

7.   **Trial.**

    A.    The matter will be ready for trial:

        __X__ 45 days after the discovery close date.

        ____ not later than _____, 20___.

    B.    This matter is expected to take 4 to 5 days to try.

    C.    Jury Demanded   __X TP__ Yes   __X__ No

        Right to jury trial disputed? __X TP__ Yes   __X__ No

TOMMIE G. PATTERSON, PRO PER
Plaintiff

Dated: 5-30-06

*[signature]*
Tommie G. Patterson

JERMAIN, DUNNAGAN & OWENS, P.C.
Attorneys for Defendants

Dated: 5/30/06

By: *[signature]*
Randall G. Simpson
Alaska Bar No. 7710166

*[Left margin: JERMAIN DUNNAGAN & OWENS, A PROFESSIONAL CORPORATION, 3000 A STREET, SUITE 300, ANCHORAGE, ALASKA 99503, (907) 563-8844, FAX (907) 563-7322]*

SCHEDULING AND PLANNING CONFERENCE REPORT
*Patterson v. Jamie Vanderver, et al.*
Case No. A06-0077 CV (TMB)                   Page 6 of 6