Randall G. Simpson
JERMAIN, DUNNAGAN & OWENS, LLC
3000 A Street, Suite 300
Anchorage, AK 99503
907-563-8844
907-563-7322 (fax)
rsimpson@jdolaw.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TOMMIE G. PATTERSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JAMIE VANDERVER, ZACK SHOCK, MONICA LIEBIG/WILLIAMS, CHRIS TAYLOR AND REGAL ENTERTAINMENT,<br><br>　　　　Defendants. | Case No. A06-0077 CV (TMB) |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND DISMISSAL OF ALL CLAIMS BY PLAINTIFF TOMMIE G. PATTERSON**

**I.　　INTRODUCTION.**

Defendants respectfully request the Court enter summary judgment and dismissal of all Tommie G. Patterson's claims (Patterson). Patterson's Complaint is defective on threshold or jurisdictional grounds. One, he has not filed a charge with nor received a "right to sue" letter" from the EEOC. Second, there is no federal jurisdiction over his

{00127368 }

claims under Title VII because he was an independent contractor for defendant Regal Cinema. Also, under Title VII the individual named defendants as supervisor/managers have no individual liability. For the above reasons, the Court should enter a judgment dismissing Patterson's Complaint.

## II.     STANDARD FOR SUMMARY JUDGMENT REVIEW.

Under Rule 56(c), Federal Rules of Civil Procedure, judgment shall be rendered where the pleadings, depositions, answer to complaint, together with affidavits, if any, demonstrate there is no genuine issue as to any material fact showing that the moving party is entitled to judgment as a matter of law. For a factual dispute to be "material" under Rule 56, it must be a fact that would affect the outcome of the suit under the governing law.[1] All inferences and evidence should be construed in the light most favorable to the non-moving party.[2]

Defendant Regal's motion is joined in by the individual named defendants and is based on facts that are either not disputed by Patterson or are facts that are established by his testimony at deposition. Patterson has asserted that this action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. *See* Page 1 of Complaint. Under Title VII, as a prerequisite to filing and proceeding with his case, Patterson was required to exhaust administrative remedies by filing a charge with the EEOC and receiving a right to sue letter from the EEOC. By his Complaint and his

---

[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[2] *Id.* at 248.

deposition testimony, he has not filed any charge with EEOC, and has not received a "right to sue" letter.

Additionally, to establish federal jurisdiction under Title VII, Patterson must allege and prove that he is an "employee" and that his discrimination charges arise from an employment relationship. Under the undisputed facts in the record and his testimony at his deposition, Patterson has failed to meet these jurisdiction prerequisites and his action should be dismissed.

### III.    ARGUMENT.

    A.    It Is Undisputed That Patterson Has Not Filed a Charge nor Obtained A Right To Sue Letter From the EEOC.

Title VII of the Civil Rights Act establishes an administrative procedure which a complaining employee must follow before filing a lawsuit in Federal Court.[3] This requirement of filing a charge with the EEOC is central to the Title VII statutory scheme and purpose.[4] It provides the EEOC with an opportunity to investigate discriminatory practices and determine whether any basis for the charge exists and if so, whether voluntary compliance efforts are needed before issuing a right to sue letter. Id. The complaining party's obligation to pursue administrative remedies are as follows:

> To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of right to sue.

---

[3] *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974).
[4] *Williams v. Little Rock Municipal Water Works*, 21 F.3rd 218, 222 (8th Cir., 1994).

42 U.S.C. § 2000 (e-5)(c)(e).  Once an individual receives notice of the right to sue, the party has 90 days in which to file suit.  42 U.S.C. § 2000 (e-5)(f)(1).

The U.S. Supreme Court has held that a timely filing before the EEOC was not jurisdictionally required.[5]  Rather, the prerequisite of the EEOC filing should be viewed as in the nature of a "condition precedent" to proceeding with litigation in federal district court.[6]  Thus, the federal district court retains subject matter jurisdiction to review the Title VII claims and may conclude and rule that "Title VII claims are barred."[7]  But, before a federal court may take jurisdiction over a claim under Title VII, that claimant must exhaust administrative procedures.[8]  Because timeliness of an EEOC charge is a condition and subject to waiver, a motion to dismiss a Title VII claim for failure to file a timely EEOC charge should be treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim.[9]  Moreover, federal courts have generally ruled that the issue of whether a claimant has exhausted administrative remedies is a question of law.[10]

---

[5] *Zipes v. Transworld Airlines, Inc.*, 455 U.S. 385, 393 (1982)

[6] *Temengil v. Trust Territory of Pacific Island*, 881 F.2d 647,654 (9th Cir. 1989).

[7] *Womble v. Bhangu*, 864 F.2d 1212, 1213 (5th Cir. 1989).

[8] *Davis v. North Carolina Dept. of Correction*, 48 F.3d 134, 137-39 (4th Cir., 1995).

[9] *Thiesson v. General Elec. Capital Corp.*, 996 F.Suppl 1071, 1077 (D. Kan. 1998).  But other federal courts have consistently referred to the requirement of exhaustion of EEOC procedures in private employment cases as jurisdictional.  See *Jones v. Runyon*, 91 F.3d 1398, 1399-1400 and n. 1 (10th Cir. 1996), cert. den., 117 Supreme Court T1243 (1997), *Sampson v. Civiletti*, 632 F.2d 860, 862 (10th Cir. 1980).

[10] See *Vinieratos v. United States Dept. of Air Force*, 939 F.2d 762, 767-68 (9th Cir. 1991).

In Patterson's complaint, he admits that he did not attach a copy of a EEOC "notice of right to sue." In answer to why not he responded: "Talked to John Alexander at EEOC, said they couldn't help me. Made report over the phone." See Plaintiff Complaint at p. 4 of 6. See also letter from a John Alexander with the "Mayor's Office of Equal Opportunity" attached to the Patterson Complaint. At deposition Patterson admitted that the only administrative agencies he had contacted prior to filing suit were the Municipality of Anchorage Office of Equal Opportunity and the State of Alaska Human Rights Commission. See Exhibit A (Deposition of Tommie G. Patterson) pages 95-102 and Exhibits attached to the Deposition, Nos.2 and 3. Patterson also admitted at deposition that he did not know about or have a "right to sue" letter from the federal Equal Employment Opportunity Commission about his discrimination claims. See Exhibit A, p. 105. He never talked to the federal EEOC. Exhibit A, p. 163.

The purpose of the EEOC proceeding is to avoid unnecessary litigation through the conduct of a preliminary administrative investigation. It provides an efficient means to determine whether claims are legitimate or are have little or no merit. The purpose of this administrative procedure is to avoid litigation costs such as deposition and production discovery where cases can be resolved by informal compliance or where cases have no merit.

Patterson admits that he filed or contacted only the Anchorage Mayor's Office of the Equal Opportunity who informed him of a lack of remedy as he was not a municipal employee under the Municipal Code. This is not a compliance with the statutory preconditions for filing a Title VII lawsuit. Patterson has failed to plead the procedural

prerequisite for a federal lawsuit under Title VII. Therefore, his Complaint should be dismissed for failure to state a claim.

      B.    It Is Undisputed By Patterson That He Is An Independent Contractor/Vendor and Not An Employee of Defendants.

Since the U.S. Supreme Court decision in *Nationwide Mutual Ins. Co. v. Darden*[11], the federal courts have construed the term "employee" under Title VII to be defined under a traditional common law agency test.[12] In applying the *Darden* factors for independent contractor versus employee under the agency test, the federal courts look to factors such as 1) whether the hiring party has a right to assign additional projects to the hired party, 2) the extent of the hired party's discretion over when and how long to work, 3) the method of payment, 4) the hired party's role in hiring and paying assistants, 5) whether the hired party's work is part of the regular business of the hiring party, 6) whether the hiring party is in business, 7) the provision of employee benefits to a third party, and 8) the tax treatment of the hired party.[13]

Additionally, the 9th Circuit has modified the agency test to focus primarily on what it describes as the "economic realities".[14] Under this test, the primary factor is the

---

[11]  503 U.S. 318, 319 (1992).

[12]  *See, EEOC v. Ft. Knox School Corp.*, 154 F.3d 744, 747 (7th Cir. 1998), *O'Connor v. Davis*, 126 F3d 112, 115-16 (2nd Cir. 1997).

[13]  See, *Nationwide Mutual Insurance Co. v. Darden,* 503 U.S. at 323.

[14]  *Adcock v. Chrysler Corp.*, 166 F.3d 1290 (9th Cir.) cert. den. 528 U.S. 816 (1999).

{00127368 }MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
*Patterson v. Jamie Vanderver, et al.*
Case No. A06-0077 CV (TMB)      Page 6 of 9

"extent of the employer's right to control the means and manner of the worker's performance."[15]

At deposition, Patterson testified that he determined his hours of work to clean the Fireweed Theater and Totem Theater. Exhibit A, p. 63 to 65. He also decided what jobs he would or would not do under the contract with Regal. For example, he would not "clean out" the popcorn machine for an additional $300. Exhibit A, p. 52 and 53. Patterson also from time to time hired his own crew to clean the theaters and he paid them directly in cash. Exhibit A, p. 56 to 61. Additionally, Patterson testified that he had sole authority to decide if and when to change light bulbs, repair upholstery of theater seats, choose the time and place of work, number of hours and deciding whether or not to plug drains with concrete in one theater. See Exhibit A, p. 118 to 122. These admitted facts establish his "control" of his work and not control by Regal. Under the 9th Circuit's "economic realities" test, Patterson had complete control over the means and manner of his work performance.

Moreover, Patterson admitted that he "contracted" with Regal Cinemas to provide janitorial services as a "business." See Patterson deposition, Exhibit A, p. 112 to 114 and Deposition Exhibit 4. Patterson secured a business license as Hands On Janitorial. Exhibit A, p. 18 to 19. Patterson admitted that he received 1099 federal tax forms from Regal showing the monies paid to him under his vendor agreement. Exhibit A, p. 123

---

[15] *Id.* at 1292.

and Deposition Exhibit 7. Regal did not pay him as an employee with payroll withholding taxes.

Finally, under the agency test, none of the individual named defendants as Regal supervisors and managers of Fireweed and Totem Theaters are Patterson's employer. Each employee/manager of Regal acted only in their individual capacities as agents of Regal. None of these individuals meet the test of being Patterson's employer. Patterson has sued them individually, but there is no legal basis to find them individually liable under Title VII.[16]

## IV.   CONCLUSION

Based on the undisputed facts in this record, there is no genuine or material dispute preventing entry of summary judgment and dismissal of Patterson's claims. Patterson's Complaint is fatally flawed on both procedural and jurisdictional basis under Title VII and should be dismissed.

JERMAIN, DUNNAGAN & OWENS, P.C.
Attorneys for Defendants

Dated:  7/18/06          By:   /s/ Randall G. Simpson
                               Randall G. Simpson
                               JERMAIN, DUNNAGAN & OWENS
                               3000 A Street, Suite 300
                               Anchorage, AK  99503
                               Phone (907) 563-8844
                               Fax (907) 563-7322
                               Alaska Bar No. 7710166

---

[16] See, *Gary v. Long*, 59 F.3d 1391, 1399 (DC Cir. 1995). And *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998), cert. den. 528 U.S. 877 (9th Cir. 1999).

**CERTIFICATE OF SERVICE**

This is to certify that on this 18th day of
July, 2006, a true and correct copy
of the foregoing was mailed first class to:

Tommie Patterson
401 E. 45th Avenue #1
Anchorage, Alaska 99503

*/s/Randall G. Simpson*
RANDALL G. SIMPSON