Randall G. Simpson
JERMAIN, DUNNAGAN & OWENS, LLC
3000 A Street, Suite 300
Anchorage, AK 99503
907-563-8844
907-563-7322 (fax)
rsimpson@jdolaw.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TOMMIE G. PATTERSON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JAMIE VANDERVER, ZACK SHOCK, MONICA LIEBIG/WILLIAMS, CHRIS TAYLOR AND REGAL ENTERTAINMENT,<br><br>　　　　Defendants. | Case No. A06-0077 CV (TMB) |

**OPPOSITION TO MOTION TO SCHEDULE DEPOSITION OF DEFENDANTS**

**I.　INTRODUCTION.**

Plaintiff has requested the Court for an order to grant him the opportunity take video depositions of Jamie Vandiver, Zachery Sheets and Monika Liebig-Williams. In response, Defendants respectfully oppose and instead request the court to stay these discovery depositions until after the Court has had an opportunity to rule on the Defendants' Motion for Summary Judgment and Dismissal of Plaintiff's Complaint for

{00127259 }

failure to state a claim and failure to exhaust administrative remedies, seek a right to sue letter from the EEOC; Plaintiff also lacks standing as an "employee" covered under Title VII.

**II.    ARGUMENT.**

It is undisputed that Plaintiff cannot pursue his Title VII claims in federal court because while he has attached notices or letters from the City of Anchorage Mayor Office of Equal Opportunity of Alaska and Alaska Human Rights Commission letters, he does not allege nor has he in fact filed any claim with the EEOC. He therefore has not received a right to sue letter. This is a condition precedent to proceeding with his Title VII claims. It can be cured, but at this point in time his failure to exhaust administrative remedies is a bar to proceeding further with this action. Additional discovery in this action should be stayed.

The administrative remedies section of Title VII is critical to the statutory scheme to allow the EEOC a first look at any claim on the merits and possibly pursue voluntary compliance.

> To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive a notice of the right to sue. 42 U.S.C., Section 2000(e-5)(b), (c), (e)[1]

In this case, Patterson has alleged and admits that he has only filed claims or contacted the Anchorage Mayor's Office of Equal Opportunity and the Alaska Human Rights Commission. He has not contacted or received a right to sue letter notice from the

---

[1] *Williams v. Little Rock Municipal Waterworks*, 21 F.3d 218, 222 (8th Cir. 1994).

{00127259 }

EEOC.  Defendants' Motion to Dismiss also relies on the admitted fact that he does not meet the jurisdictional requirement under Title VII of being an employee.

## III.    CONCLUSION.

Since Patterson has failed to plead a procedural prerequisite for a federal lawsuit under Title VII, and since his lawsuit is subject to dismissal for failure to comply with federal statute until the defect can be cured, discovery and depositions schedules should be stayed.

JERMAIN, DUNNAGAN & OWENS, P.C.
Attorneys for Defendants

Dated  7/18/06        By:    */s/* Randall G. Simpson
Randall G. Simpson
JERMAIN, DUNNAGAN & OWENS
3000 A Street, Suite 300
Anchorage, AK  99503
Phone (907) 563-8844
Fax (907) 563-7322
rsimpson@jdolaw.com
Alaska Bar No. 7710166

**CERTIFICATE OF SERVICE**

This is to certify that on this 18th day of
July, 2006, a true and correct copy
of the foregoing was mailed first class to:

Tommie Patterson
401 E. 45th Avenue #1
Anchorage, Alaska 99503

*/s/Randall G. Simpson*
RANDALL G. SIMPSON

{00127259 }