Randall G. Simpson
JERMAIN, DUNNAGAN & OWENS, LLC
3000 A Street, Suite 300
Anchorage, AK 99503
907-563-8844
907-563-7322 (fax)
rsimpson@jdolaw.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TOMMIE G. PATTERSON,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMIE VANDERVER, ZACK SHOCK, MONICA LIEBIG/WILLIAMS, CHRIS TAYLOR AND REGAL ENTERTAINMENT,<br><br>    Defendants. | Case No. A06-0077 CV (TMB) |

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA

**I.     INTRODUCTION**

On August 2, 2006, five Subpoenas in a Civil Case were served on undersigned counsel for appearance of the above-named individuals at deposition to take place on August 4, 2006. In addition, attached to the subpoenas were "motions compelling" each defendant to answer written questions at deposition. These motions to compel included a list or series of questions attached to each subpoena. Either supplementing or

{00128332 }

contradicting the subpoenas for deposition, these motions requested a court order to compel the responses to the written responses in ten days. Defendants seek to quash all of these requests for deposition and/or written responses.

## II.     ARGUMENT

Under Rule 30 of Federal Rules of Civil Procedure, the orderly progress of discovery in a civil case contemplates that any notice and subpoena of deposition should be given with "reasonable notice in writing." A two-day timeframe per se is not reasonable. A subpoena requiring appearance within two days of service is patently unfair and onerous. Particularly, as Plaintiff was well aware, the court is presently considering Defendant's motion to delay or suspend discovery until their pending summary judgment motion is considered. The Court has subsequently ordered a stay of such discovery. See Docket No. 26.

However, under Federal Rules of Civil Procedure Rule 31, a party may serve written requests or notice questions for the attendance of a witness to answer written questions. Plaintiff apparently is seeking an order to compel this use by subpoena. But again, the rules contemplate that such notice should be on a reasonable timeframe. It is particularly onerous because one of the subpoenas that was served by Plaintiff on Chris Taylor who lives in Knoxville, Tennessee. It is unreasonable and in violation of the spirit of discovery rules to compel his attendance and response in Anchorage, Alaska within ten days.

## III. CONCLUSION

For the above reasons, the Subpoenas in Civil Cases served and issued on Chris Taylor at 7132 Regal Lane, Knoxville, Tennessee, Zachery Sheets, 3131 Muldoon Road, Anchorage, Alaska, Monica Liebig/Williams, 3131 Muldoon Road, Anchorage, Alaska, and Jamie Vandiver, 661 E. Fireweed Lane, Anchorage, Alaska and Regal Cinemas, should be quashed.

JERMAIN, DUNNAGAN & OWENS, P.C.
Attorneys for Defendants

Dated: 8/3/06      By:   /s/ *Randall G. Simpson*
                        Randall G. Simpson
                        JERMAIN, DUNNAGAN & OWENS
                        3000 A Street, Suite 300
                        Anchorage, AK  99503
                        Phone (907) 563-8844
                        Fax (907) 563-7322
                        Alaska Bar No. 7710166

**CERTIFICATE OF SERVICE**

This is to certify that on this 3rd day of August, 2006, a true and correct copy of the foregoing was mailed first class to:

Tommie Patterson
401 E. 45th Avenue #1
Anchorage, Alaska 99503

*/s/Randall G. Simpson*
RANDALL G. SIMPSON