Randall G. Simpson
AK Bar No. 7710166
3000 A Street, Suite 300
Anchorage, Alaska  99503
Telephone (907) 563-8844

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TOMMIE G. PATTERSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JAMIE VANDERVER, ZACK SHOCK, MONICA LIEBIG/WILLIAMS, CHRIS TAYLOR AND REGAL ENTERTAINMENT,<br><br>　　　　Defendants. | Case No. A06-0077 CV (TMB) |

**OPPOSITION TO MOTION OF PLAINTIFF TO
ACCEPT THE RIGHT TO SUE NOTICE OF THE
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC)**

　　Defendant, by and through counsel, was served with a copy of Plaintiff's Motion of Right to Sue and attached Notice of Right to Sue Exhibit dated August 9, 2006.  The EEOC charge number identified on the right to sue notice is 551-2006-02199.  From a prior pleading of Plaintiff entitled Motion Requesting Dismissal of Defendant's Request for Summary Judgment, Plaintiff attached his EEOC charge and his response to EEOC "questionnaire" filled out in support of his charge, identified as EEOC number 551-2006-02199.

{00128946 }

In Plaintiff's charge and intake questionnaire he identified only Jamie Vanderver as a person/manager who sexually harassed the Plaintiff. The extent of the claim is that she made comments about his "body" one time. This does not constitute a factual basis for a sexual harassment claim.

As far as his claims of discriminatory action the employer took against Plaintiff, the Plaintiff identified being referred to as a "house boy" and that other employees, specifically ushers, referred to him as a "nigger." Additionally, Plaintiff described acts that he considered to be discriminatory such as: "being told that janitors don't go to the boss" and that a manager had referred to a young girl as being "those people" and another manager telling him that if he were called a racial epithet by ushers that "if I have anything to say to the ushers come to her." None of these allegations, even if true, constitute a claim for racial discrimination in employment. These are not charges of employment termination related discrimination.

Also, the Notice of Right to Sue questionnaire prepared by Plaintiff in the case does not identify any action taken by Regal Cinemas or any manager that resulted in a discriminatory termination of any employment. Nor does Plaintiff Patterson charge or dispute that Plaintiff's nature of work was as a independent contract worker.

Finally, the right to sue notice is also defective because it identified and made no charge or basis for claim or pursuit of action against Zack Sheets or Chris Taylor. For all the above reasons, Plaintiff has not raised a genuine issue of fact to defeat summary judgment.

DATED this 17th day of August, 2006.

                              JERMAIN, DUNNAGAN & OWENS, P.C.
                              Attorneys for Defendants

By:   */s/Randall Simpson*
       Randall G. Simpson
       Alaska Bar No.7710166

**CERTIFICATE OF SERVICE**

This is to certify that on this 17th day of August, 2006, a true and correct copy of the foregoing was mailed first class to:

Tommie Patterson
401 E. 45th Avenue #1
Anchorage, Alaska 99503

*/s/Randall G. Simpson*
Randall G. Simpson

7580.002/128946

{00128946 }DEFENDANTS' OPPOSITION TO MOTION OF PLAINTIFF TO ACCEPT THE RIGHT TO SUE NOTICE OF THE EEOC
*Patterson v. Shock, et al..*
Case No. A06-0077 CV                                          Page 3 of 3