Randall G. Simpson
AK Bar No. 7710166
3000 A Street, Suite 300
Anchorage, Alaska  99503
Telephone (907) 563-8844

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TOMMIE G. PATTERSON,<br><br>  Plaintiff,<br><br>vs.<br><br>JAMIE VANDIVER, ZACK SHOCK, MONICA LIEBIG/WILLIAMS, CHRIS TAYLOR AND REGAL ENTERTAINMENT,<br><br>  Defendants. | Case No. A06-0077 CV (TMB) |

**RESPONSE TO PLAINTIFF'S
"MOTION FOR DISMISSAL OF SUMMARY JUDGMENT"**

Defendants are unclear as to the procedural order for any reply to Plaintiff's Motion for Dismissal of Summary Judgment.  It appears that it may be just a way for Plaintiff to file a supplement to his previous opposition to summary judgment.  In any event, Defendant's will address some of the assertions in Plaintiff Patterson's "Motion."

As indicated in Defendants' pending Motion for Summary Judgment, Plaintiff has asserted federal jurisdiction for complaint under Title VII, Civil Rights Act.  But his Complaint includes allegations of race discrimination, sex discrimination and sexual

{00132930 }

harassment which all fail because he is not an "employee". Moreover, Plaintiff appears to base his claim for "mail tampering" on federal criminal statute. Obviously, his civil action cannot proceed under criminal jurisdiction.

Patterson also attaches to his "Motion" a document identified as "To whom it may concern." This is a statement from Ms. Vandiver. It was disclosed and provided to Plaintiff in the Initial Disclosures from Defendant. As noted in Ms. Vandiver's statement, the check for Mr. Patterson was delivered to her Fireweed Theater office and placed in a pile of mail sitting on her desk. Ms. Vandiver only opened the envelope containing his check from Regal Cinema's payroll department because it was sent to Fireweed Theater. Thinking that it was a Regal petty cash check, she opened it. Upon learning that it was Mr. Patterson's check, she resealed the envelope and delivered it and told Mr. Patterson about it. She did not attempt to hide this from Mr. Patterson but fully disclosed it. This claim is not only meritless, it fails to state a claim for which relief can be granted.

Plaintiff's entire Complaint and causes of action fail to state a claim because of lack of federal jurisdiction. Plaintiff's claims fail because he has brought claims under a statute addressing various forms of employment discrimination when he was never an employee of Defendants, either individually or as a group. He fails to state a claim under any relevant federal statute. His claims are based solely on his feelings of personal embarrassment or hurt or perceived slights. He neither alleges nor complains of any adverse employment consequences.

Defendants, of course, dispute the factual basis for all of his claims, but the Court does not need to reach any determination of the truth or falseness of his claims because Plaintiff simply fails to state claims for which any relief can be granted. The Defendants' pending motion for summary judgment should be granted.

DATED this 11th day of October, 2006.

:

JERMAIN, DUNNAGAN & OWENS, P.C.
Attorneys for Defendants


By: */s/* Randall G. Simpson
Randall G. Simpson
JERMAIN, DUNNAGAN & OWENS
3000 A Street, Suite 300
Anchorage, AK  99503
Phone (907) 563-8844
Fax (907) 563-7322
rsimpson@jdolaw.com
Alaska Bar No. 7710166

**CERTIFICATE OF SERVICE**

This is to certify that on this 11th day of
October, 2006, a true and correct copy
of the foregoing was mailed first class to:

Tommie Patterson
401 E. 45th Avenue #1
Anchorage, Alaska 99503

*/s/Randall G. Simpson*
Randall G. Simpson