IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TOMMIE G. PATTERSON,<br><br>                Plaintiff,<br><br>   vs.<br><br>JAMIE VANDERVER, ZACK SHOCK, MONICA LIEBIG/WILLIAMS, CHRIS TAYLOR AND REGAL ENTERTAINMENT,<br><br>                Defendants. | Case No. 3:06-cv-77   TMB<br><br>O R D E R |

      This is an Employment Discrimination case under Title VII of the Civil Rights Act of 1964. Docket 1. Plaintiff Tommie Patterson had contracts for maintenance at both Fireweed and Totem Theaters in Anchorage, Alaska, both of which are owned by Regal Entertainment. Plaintiff alleges that he was subjected to general, racial and sexual harassment, that his employer tampered with his mail, and that he ultimately was terminated from his employment because of his race. Docket 1. Plaintiff's Complaint lists specific incidents in support of his claim, including racial slurs, creation of an unsafe work environment (ushers putting water in the vacuum), and failure of the Regal Entertainment Regional Manager to turn in Plaintiff's work invoices so that Plaintiff would get paid. *Id.* He alleges that the General Manager of the Fireweed Theater opened his mail from Regal Entertainment in order to find out how much money he was making, and that after doing so she complained that a janitor was making too much money and cutting into her "bonus." *Id.*

      Several motions are pending before the Court, including Defendants' Motion for Summary Judgment, (Docket 21), Plaintiff's Motion for Dismissal of Summary Judgment, (Docket 42), Plaintiff's Motion to Schedule Video Deposition, (Docket 17), Plaintiff's Motion for Extension of Time for Discovery, (Docket 18),[1] Plaintiff's Motion of Right to Sue, (Docket 34), Plaintiff's

---

[1] The Court previously has indicated that it would defer ruling on the motions at docket nos. 17 & 18 until it rules on the motion for summary judgment at docket 21.

Motion of Rights, (Docket 36), Plaintiff's Motion for Summary Judgment, (Docket 37), Plaintiff's Motion to Oppose Names Used by Defendants, (Docket 41), Plaintiff's Motion to Dismiss, (Docket 42), Plaintiff's Motion for a Protective Order, (Docket 44). Oral argument has not been requested, and would not be useful to the Court.

**Defendants' Motion for Summary Judgment - Docket 21**

Defendants move for summary judgment and dismissal of Plaintiff's claims, alleging no genuine issues of material fact, a procedural failure to state a claim, and lack of federal question jurisdiction. Docket 21. Specifically, Defendants allege that Plaintiff has not received a "right to sue" letter from the EEOC,[2] and second, Defendants allege that there is no federal jurisdiction over his claims under Title VII because Plaintiff was an independent contractor. Third, Defendant notes that individual defendants as supervisors/managers have no individual liability under Title VII. Docket 22.

Title VII provides, in pertinent part: "It shall be an unlawful employment practice for an employer to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Defendants argue that under Title VII, Patterson is an independent contract/vendor, not an "employee" of Defendants, and therefore Title VII does not apply. Docket 22 at 6-8, *citing Nationwide Mutual Ins. Co. v. Darden,* 503 U.S. 318, 319 (1992); *Adcock v. Chrysler Corp.,* 166 F.3d 1290 (9th Cir. 1999). Defendants are correct.

In *Adcock,* the Ninth Circuit explained that Title VII protects employees, but does not protect independent contractors. *Id.*, at 1292. Determining whether a position is one of "employee" or "independent contractor" a "fact-specific inquiry" and takes into consideration the "economic realities of the situation." *Id.* "The primary factor is the extent of the employer's right to control the means and manner of the worker's performance." *Id.* Other factors include, but are not limited to,

---

[2] Under Title VII, Patterson was required to exhaust his administrative remedies by filing a charge with, and receiving a right to sue letter from, the EEOC. Docket 22 at 2. At Plaintiff's deposition, he admitted that he had not contacted the Federal EEOC. Docket 22 at 5. In a responsive pleading, Plaintiff now produces a Notice of Right to Sue from the EEOC. Docket 42. Separately, Plaintiff has moved the Court to accept the EEOC Notice of Right to Sue. Docket 34. Defendants object to the Notice being accepted as proof of exhaustion of administrative remedies, arguing that the Notice is defective because the underlying questionnaire filled out by Plaintiff for the EEOC does not constitute a valid claim of racial discrimination, and there are no charges against Zack Sheets or Chris Taylor. The Court finds that it does not have to examine the failure to exhaust argument, as this matter is disposed of by the independent contractor argument.

the type of occupation, whether the work is usually done under the work of a supervisor, whether the employer furnishes the equipment, the method of payment, whether the employer pays social security taxes, the manner in which the work relationship is terminated, and the intention of the parties. *Id.,* (citations omitted).

It is undisputed that Patterson has a business license under the name "Hands on Janitorial," and that he has a vendor agreement with Regal Cinemas to provide janitorial services. Plaintiff testified at his deposition that he declined to do certain jobs, such as clean out the popcorn machine. Docket 22, Exhibit A. Patterson testified that he determined his work hours, and sometimes hired another individual to help him clean the theaters, which he then paid directly. *Id.* Furthermore, although Defendant helped Plaintiff obtain his janitorial equipment, ultimately Plaintiff's company paid for the equipment. *Id.* Finally, Plaintiff's compensation for janitorial services are reflected in 1099 forms as "nonemployee compensation" by Regal Entertainment. Docket 22, Exhibit 7. Accordingly, the factors in this case weigh heavily in favor of Plaintiff being an independent contractor, rather than an employee.

The Court has considered all of the pleadings in this matter. Defendants are correct that Plaintiff cannot base a civil rights action on a federal criminal statute for "mail tampering." Furthermore, Defendants are correct that this case cannot proceed under Title VII, because Plaintiff is not an "employee" of Regal Entertainment. Rather, he is an independent contractor, and simply not entitled to the protections of Title VII. The Court has not considered Plaintiff's claims on the merits, because it lacks jurisdiction to do so.

Accordingly, the Motion for Summary Judgment at Docket 21 is GRANTED, all other pending motions are DENIED AS MOOT, and this matter is DISMISSED WITH PREJUDICE.

Dated at Anchorage, Alaska, this 2nd day of November, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge