**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED
DEC 12 2007
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED
JUN 0 2 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

| | |
|---|---|
| TOMMIE G. PATTERSON, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> JAMIE VANDERVER; et al., <br><br> Defendants - Appellees. | No. 06-36078 <br><br> D.C. No. CV-06-00077-A-TMB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted December 3, 2007**

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

Tommie G. Patterson appeals pro se from the district court's summary judgment in his Title VII action alleging that defendants discriminated against him

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

based on his race and sex, and tampered with his mail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Munger v. City of Glasgow Police Dept.*, 227 F.3d 1082, 1085 (9th Cir. 2000), and we affirm.

The district court properly granted summary judgment on Patterson's Title VII claims, because it correctly concluded that Patterson was an "independent contractor" not an "employee" of Regal Entertainment. *See Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999) (Title VII protects employees, but does not protect independent contractors).

Patterson's contention that the district court was biased against him is not supported by the record.

Patterson's remaining contention regarding mail tampering also lacks merit.

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAY 2 8 2008

by: _____
Deputy Clerk